# Jacob Repsher *against* James Shane.

On a promise of indemnity against I., the plaintiff declared that I. had recovered against him a certain sum. Proof of a recovery of a different sum by I. is no fatal variance, because the recovery is stated only by way of inducement, and not as the ground of the suit.

CASE. The plaintiff's declaration contained three counts. The first was in special assumpsit, and stated that "whereas on "the 1st June 1800, at Steubenville, in consideration "that the said Jacob, at the special instance and request "of the said James, would convey to the said James a certain "house and lot in Steubenville aforesaid, situate, &c., he the "said James took upon himself, and then and there promised "the said Jacob, that he the said James would indemnify, pay, "and content the said Jacob for any damage which he the said "Jacob might thereafter sustain by reason of an agreement of "the said Jacob, and a certain Benjamin Shane, with a certain "John Welch, jun.; and the said Jacob in fact saith, that he "trusting and confiding in the promise and undertaking of the "said James so by him made as aforesaid, afterwards to wit, &c. "did convey and make over to the said James and his heirs, the "said house and lot, with the appurtenances thereunto be- "longing. And whereas afterwards, to wit: at August term "1802, in a certain Court of Common Pleas held in the town "of Pultney, in the county of Belmont, in the territory of the "United States, north-west of the river Ohio, the said John "Welch, jun. in and upon the before recited agreement of the "said Jacob and the said Benjamin, did, in and by the judg- "ment of the said court, recover of the said Jacob the sum of "$248 for the damages which he the said John had sustained "by reason of the non-performance of the before mentioned "agreement of the said Jacob and Benjamin, besides the costs "of the said John about his suit in that behalf expended. And "the said Jacob in fact saith, that the damages and costs so re- "covered against him by the said John as aforesaid, amount to "a large sum of money, to wit: to the sum of $300, of which

"the said James afterwards had notice.   Nevertheless the said
"James, although often required, his promise and undertaking
"aforesaid not regarding, but contriving and intending the said
"Jacob in this behalf to deceive and defraud, hath not indem-
"nified, paid and contented the said Jacob for the damage which
"he the said Jacob hath sustained by reason of the agreement
"of the said Jacob and Benjamin as before recited, but the
"same to do hitherto hath altogether refused, and still doth
"refuse, to the damage of the said Jacob," &c.

The second count was for $400 paid, laid out and expended
for defendant's use.

The third count for the like sum lent and advanced to the
defendant.

The plaintiff having given testimony of the defendant's pro-
mise to indemnify, offered in evidence the record of recovery
in Belmont county, between the said John Welch, jun. plaintiff,
and the said Jacob Repsher and Benjamin Shane, defendants.
*The plaintiff declared in special *assumpsit*, and on the       [*577
plea of *non assumpsit*, the cause was tried on the fourth
Tuesday in August 1802, when a verdict passed for the plaintiff
for $200 damages, and interest from the 14th July 1798, and costs
of suit.    Judgment was entered for the plaintiff for the damages
and interest found by the jury, amounting to $265 2 cents, to-
gether with his costs about his suit expended, and the defend-
ant in mercy, &c.

The record was indorsed thus : Damages, $200 00
                              Interest on do.          49 33
                                                      ——————  $ 249 33
                              Bench fees,       .       I 35
                              Prothonotary's fees,      3 00
                              Attorney's,   .   .       5 84
                              Sheriff's,    .   .         75
                              Paid jury and constable,  3 25
                              Fi. fa.      .    .         25
                              Exemplification with )     I 25
                                seal and certificate, )
                                                      ——————      15 69
                                                                 ——————
                                                                 $ 265  2
                                                                 ══════

The defendant's counsel prayed for a nonsuit, because the
plaintiff in his declaration has stated a recovery against him by
Welch, in Belmont county, of $248, besides costs ; whereas
the record produced is of a recovery of $200 damages, with in-
terest from 14th July 1798, to the fourth Tuesday in August
1802, which is stated in the record to be $265 2 cents, the same
being in fact but $249 28 cents, thus disagreeing in every shape
from the record counted upon.    But the court directed the evi-
dence to go on, and said, if the plaintiff obtained a verdict, and
it should appear to them, that the variance relied on was fatal,

they would direct a nonsuit to be entered.    The trial according-ly proceeded, and the jury found a verdict for the plaintiff for $283 57 cents.

Mr. Ross for the defendant, renewed his motion, and con-tended that he was entitled to a nonsuit, on the following au-thorities.    In all cases of records and written contracts set out by the plaintiff in his declaration, he must prove them as laid ; for even though he was not obliged to set them out, yet having undertaken to do it, he must do it properly. 3 T. R. 645-6. The plaintiff declared that the writ was sued out 24th January 1785 ; that the defendant was arrested and committed to gaol 31st *January 1785 ; proof that the writ was really sued out on that day ; but, by mistake, the writ and return were both indorsed in January 1784 ; the variance was held fa-tal, though evidently a mistake. 1 Term Rep. 656.    If the plaintiff sets forth more than is needful in his declaration, he must notwithstanding prove his case as laid. 2 Bla. Rep. 1101. The doctrine of variance is fully discussed in Doug. 640, 696, and the general principle is established, that if the plaintiff un-dertakes to state a record, deed or other writing, any mistake is fatal.

Mr. Addison for the plaintiff answered, that there is a mate-rial difference between that which is the very ground of the action, and that which is matter of inducement or consequential to it, or which may be rejected as surplusage.    The judgment stated, in which the variance is objected, is not the ground, and is only stated as the measure of damages arising from the ground of the action, and no more need to be stated accurately, than the value of goods on a *quantum valebant.* 1 Term Rep. 235.    Doug. 133, 136.    2 Bla. Rep. 1050.    All that was mate-rial to state, was a binding promise, a breach and some damage arising from the breach ; and the evidence of damage varying from the allegation is not material.    Could oyer have been de-manded of this judgment, or *nul tiel* record pleaded ?

The transcript shews enough to justify the averment in the declaration.    It shews that the verdict was for $200, and above four years interest.    And so the clerk ought to have certified the judgment, with the costs at the time added.    But he mis-took the form, and certified the judgment as including all the subsequent costs, taken from the indorsement on the transcript, which indorsement even includes the fee for the transcript. This is *vitium clerici.*

When justice has been manifestly done, courts at this day will not nonsuit for mere informality, not esssential. 2 Wils. 243. 2 Stra. 909, 1131.    4 T. R. 161.    The defendant's cases will not support his motion.    In Gwinnet *v.* Philips *et al.,* 3 Term Rep. 645, the variance did not prevail, and the nonsuit was set aside.    Justice BULLER introduces the expressions cited, with a *perhaps,* and having assigned the reason of his opinion, " be-

"cause, when the plaintiff is under the necessity of stating a "judgment or a record, he must state it truly ; for if he do not, "the answer to the action is, that that which is proved is not "the same as that which is declared on." He concludes, "but "in this case the variance does not consist in any part of the "contract, but in an averment of matter subsequent to the con-"tract. The averment was merely a matter of inducement to "the action, and such averments need not be precisely proved."

*Green *v.* Rennett, 1 Term Rep. 656, was probably [*579 considered as a hard action. It was however decided on the principle, that the return misrecited was material ; for, on the date of it depended whether there was any neglect of duty stated, and therefore the variance was held fatal.

Savage *v.* Smith, 2 Bla. Rep. 1101, was a *qui tam* action for a penalty. A judgment was stated and no proof of it given, and without a judgment, the *fi. fa.* was a nullity, and the whole ground of action failed ; but the distinction between material and impertinent averments was recognized.

Bristow *v.* Wright and Pugh, Doug. 640, was an action against persons, who gained nothing by the transaction on which the suit was founded. The distinction between material averments and surplusage or impertinent matter is recognized ; and between a misrecital of the very ground of the action and what is not. Lord MANSFIELD at first repelled the objection, and yielded to it at length, because prolixity of pleading enormously increased costs. He mentions one case, in which 100l. costs were paid for useless matter struck out. Such reason exists not here.

The court declared their opinion, that though in setting out a record, deed or written contract, which is the foundation of the action, the party must state it correctly, and a small variance is fatal, because the *allegata et probata* must agree ; yet, in the present instance, the judgment in Belmont county being set out only by way of inducement, and not as the ground of the suit, the variance in the declaration from the record given in evidence is wholly immaterial ; and therefore the plaintiff is entitled to judgment.